IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02660-BNB

PERCY BARRON,

    Plaintiff, named as Defendant,

v.

UNITED STATES OF AMERICA,

    Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 15 2010

GREGORY C. LANGHAM
    CLERK

## ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCY

Plaintiff, Percy Barron, a federal prisoner currently housed in the State of Colorado, originally filed a "Defendant's Motion Request for Transportation to Washington, D.C., for the Purpose of Having an Ophthalmologist to Examine Defendant's Left Eye and for a Second Opinion for Removal of the One Exposed Suture" in the United States District Court for the District of Columbia (District of Columbia). The District of Columbia determined that the action properly is filed in the United States District Court for the District of Colorado and entered an order that transferred the action to this Court.

Mr. Barron has failed either to pay a filing fee or to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. As part of this Court's review pursuant to D.C.COLO.LCivR 8.2, this Court has determined that the submitted document is deficient as described in this order. Plaintiff will be directed to cure the following if he wishes to pursue his claims. Any papers that Plaintiff files in response to

this order must include the civil action number on this order.

The motion submitted by Plaintiff indicates his intent to file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. However, the claims he asserts concern his medical treatment and are not habeas corpus claims. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Mr. Barron is not challenging the validity of his conviction or the execution of his sentence. Instead, he challenges the conditions of his confinement. Specifically, Mr. Barron complains that he needs medical treatment for his left eye.

Generally, a prisoner's challenge to his conditions of confinement is cognizable in a civil rights action. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). Therefore, because the claims Mr. Barron raises in this action properly should be asserted in a civil rights action, he will be directed to file a Prisoner Complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) if he wishes to pursue his claims in this action.

**28 U.S.C. § 1915 Motion and Affidavit:**
(1) _X_ is not submitted
(2) ___ is missing affidavit
(3) _X_ is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4) ___ is missing certificate showing current balance in prison account
(5) ___ is missing required financial information


(6) ___ is missing an original signature by the prisoner

2

(7) __ is not on proper form (must use the court's current form)
(8) __ names in caption do not match names in caption of complaint, petition or habeas application
(9) __ An original and a copy have not been received by the court. Only an original has been received.
(10) X other: Motion is necessary only if $350.00 filing fee is not paid in advance.

**Complaint, Petition or Application:**
(11) X is not submitted
(12) __ is not on proper form (must use the court's current form)
(13) __ is missing an original signature by the prisoner
(14) __ is missing page nos. ___
(15) __ uses et al. instead of listing all parties in caption
(16) __ An original and a copy have not been received by the court. Only an original has been received.
(17) __ Sufficient copies to serve each defendant/respondent have not been received by the court.
(18) __ names in caption do not match names in text
(19) __ other _____

Accordingly, it is

ORDERED that Plaintiff cure the deficiencies designated above **within thirty (30) days from the date of this Order**. Any papers that Plaintiff files in response to this order must include the civil action number on the order. It is

FURTHER ORDERED that the Clerk of the Court mail to Plaintiff, together with a copy of this order, two copies of the following forms: Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915; Prisoner Complaint. It is

FURTHER ORDERED that if Plaintiff fails to cure the designated deficiencies **within thirty (30) days from the date of this order** the action will be dismissed without further notice. The dismissal shall be without prejudice.

3

DATED November 15, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02660-BNB

Percy Barron
Reg. No. 04710-000
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915 and Prisoner Complaint forms** to the above-named individuals on 11/15/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk