IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02660-ZLW

PERCY BARRON,

    Plaintiff, named as Defendant,

v.

UNITED STATES OF AMERICA,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 1 6 2011

GREGORY C. LANGHAM
              CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Percy Barron, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. He filed *pro se* on January 14, 2011, a document titled "Notice" asking the Court to reconsider and vacate the Court's Order of Dismissal and the Judgment filed in this action on January 6, 2011.

The Court must construe Mr. Barron's filings liberally because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The January 14, 2011, document will be construed liberally as a motion to reconsider and, for the reasons stated below, will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. **See** Fed. R. Civ. P. 59(e). The Court will consider Mr. Barron's motion to reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action on January 6, 2011. **See Van Skiver**, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion). The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court dismissed the instant action without prejudice because Mr. Barron failed to comply with an order entered on November 15, 2010, directing him to cure certain deficiencies. Specifically, Mr. Barron was ordered within thirty days either to submit the filing fee or a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 together with a certified copy of his trust fund account statement for the six-month period immediately preceding this filing. He also was directed to file a Prisoner Complaint because the asserted claims concerned his medical treatment.

On December 13, 2010, Mr. Barron submitted a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, an uncertified copy of his trust fund account statement, and a Prisoner Complaint. In an order filed on January 6, 2011, the Court dismissed the action without prejudice for failure to cure. Judgment was entered on the same day. The reasons for the dismissal are discussed in greater detail in the January 6 dismissal order.

Mr. Barron now seeks leave to submit a certified copy of his trust fund account statement. Upon consideration of the liberally construed motion to reconsider and the entire file, the Court finds that Mr. Barron fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Barron fails to demonstrate the existence of an intervening change in controlling law or new evidence and he fails to convince the Court of any need to correct clear error or prevent manifest injustice. The motion to reconsider will be denied. If Mr. Barron wishes to pursue his claims, he may do so by initiating a separate action in which he files the proper documents. Accordingly, it is

ORDERED that the document titled "Notice" that Plaintiff, Percy Barron, filed *pro se* on January 14, 2011, and which the Court has treated as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this 15th day of February, 2011.

BY THE COURT:

*Zita Leeson Weinshienk*
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  10-cv-02660-BNB

Percy Barron
Reg. No. 04710-000
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on February 16, 2011.

                              GREGORY C. LANGHAM, CLERK

                              By: _____
                                     Deputy Clerk